1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jerry Krumwiede
Krumwiede Law, PLLC
7501 North 16th Street, Suite 200
Phoenix, AZ 85020
Phone: 602-237-6444
Facsimile: 602-391-2822
Attorney Bar Number: 025577
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AIME M. GRESSETT,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CENTRAL ARIZONA WATER CONSERVATION DISTRICT AS THE OPERATING AGENCY FOR THE CENTRAL ARIZONA PROJECT,<br><br>                    Defendant. | Case No.:<br><br>**COMPLAINT- VIOLATION OF THE FAMILY MEDICAL LEAVE ACT AND WRONGFUL TERMINATION**<br><br>**AND**<br><br>**DEMAND FOR TRIAL BY JURY.** |

COMES NOW Plaintiff, Amie M. Gressett (herein, "Plaintiff), by and through Jerry D. Krumwiede, of The Krumwiede Law Office, P.L.L.C., alleges that (1) she was wrongfully terminated in result of (2) Defendants' violation of the Family Medical Leave Act (herein, "FMLA"),   seeks relief in this complaint and Demand for Trial by Jury against Defendants, Central Arizona Water Conservation District (herein, "District") and the Central Arizona Project Operating Agency (herein, "CAP") and by Jury for her complaints against the District for: violation of the Family Medical Leave Act ("FMLA") 29 U.S.C. §§ 2615(a)1 and 825. The District and CAP are hereafter referred to collectively as "Defendants."

1

## PARTIES AND JURISDICTION

1.    Plaintiff Amie M. Gressett is a resident of Maricopa County, Arizona.

2.    Pursuant to the "Arizona Water Settlement Act," 118 Stat. 3478, Public Law 108-451-Dec.10, 2004 the District is a political subdivision of the State that is the contractor under the CAP repayment contract. At all times pertinent, Defendants, constituted a business organized and existing under the laws of the State of Arizona  in an industry affecting commerce as that term is defined in 29 U.S.C. § 630(b), with 50 persons or more at its principal place of business in the State of Arizona. Defendants engage in the management and delivery of Arizona's Colorado River water to central Arizona.

3.    On or about October 16, 2006, Defendants hired Plaintiff as one the company's Safety Specialists at a base annual salary of $48,000.00 plus incentives. Thereafter at all pertinent times Plaintiff was employed by the Defendants at its office located at 23636 N. Seventh St., Phoenix, AZ 85024.

4.    At all times material to this Complaint:

(A)  Defendants were  the "employer" of Plaintiff and was engaged in a business affecting commerce as that term is defined in 29 U.S.C. 630(b), and was the "employer" of Plaintiff as that term is defined in 29 U.S.C. § 2611(4)A.

(B) Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 630(F), and an "eligible employee" as that term is defined in 29 U.S.C. § 2611(2).

An employer is covered by the Family Medical Leave Act if a person is engaged in commerce or in any industry or activity affecting commerce, which employs 50 or more employees. 29 U.S.C. § 825.104(a). An "employer" under FMLA includes any "public agency," which includes the United States; the government of a State or political subdivision of a State. 29

1   U.S.C. § 825.108(a). Defendant, District, is a political subdivision of the State of Arizona. ARS

2   § 48-2901.

3

4   5.      The United States District Court for the District of Arizona has jurisdiction for this action

5           pursuant to 28 U.S.C. 1331, 29 U.S.C. 626(c)1, and 29 U.S.C. 2617(2).

6

7                        **ALLEGATIONS PERTAINING TO CLAIM FOR RELIEF**

8   6.      During June 2009, Plaintiff approached her immediate supervisor, Michael Cook, and

9           requested that her work schedule be modified to allow her adequate time to place her

10          infant son in child care in the mornings and pick him up in the afternoons. On or about

11          November 18, 2009, Defendants agreed to modify Plaintiff's work schedule to

12          accommodate the child care needs of her son, only, after months of delay.

13

14  7.      Prior to October 20, 2009 Plaintiff reported her medical condition to her immediate

15          supervisor, Michael Cook.

16

17  8.      Prior to and including August 2009 Plaintiff received positive performance reviews. After

18          having received good performance reviews during her career at CAP, Plaintiff was

19          unfairly and wrongly criticized for her performance and given "coaching" write-ups

20          falsely alleging poor performance after her October 2009 written request to exercise her

21          right to leave under FMLA, as a prelude to dismissing her because of her use of leave

22          under the FMLA.

23

24  9.      On or about October 20, 2009, Plaintiff completed U.S. Department of Labor form WH-

25          380-E certifying Plaintiff's serious health condition signed by Plaintiff's physician and

26          submitted it to Defendants.  Based on that certification, Plaintiff was to have her daily

27          work schedule reduced between one to three hours per day  on one to three days per week

28

3

from October 19, 2009 through July 2, 2010 as prescribed by Dr. Carol Eldrige, M.D., an

Arizona licensed medical doctor.

10.    On or about January 27, 2010, Defendant's confirmed in writing to Plaintiff that it had

<u>failed to notify</u> of any extenuating circumstances that may have delayed its required 5-

day notification to  Plaintiff of her eligibity in regards to her October 20, 2009 FMLA

request.

11.    Between October 20, 2009 and January 26, 2010 Plaintiff exhausted her earned vacation

time and sick-leave time for treatment of her medical condition. Plaintiff did not receive a

timely written notice to her FMLA request from CAP as required by 29 U.S.C. 825.

12.    Plaintiff received medical treatment from Carol Eldridge, MD with Southwest Family

Practice located in Goodyear, Arizona. Plaintiff was restricted from returning to full-time

work until cleared by Dr. Eldridge, who specifically stated in her certification on U.S.

Department of Labor form WH-380-E.

13.    Plaintiff's supervisor, Michael Cook, under the direction of the Defendants directed

Plaintiff that she "must" utilize the counseling services provided by the employer's

employee assistance program rather continue treatment with her private practitioner.

14.    Beginning in October 2009, Supervisor Cook in his capacity as Defendant's manager and

supervisor telephoned Plaintiff during the evening at her home threatening to terminate

her should she not return to work as a direct result of her October 2009 submittal for

FMLA.

15.    Defendants terminated Plaintiff on February 1, 2010.

16.    This claim arises under federal laws, to-wit: 29 U.S.C. §§ 2615(a)1 and 825 (FMLA).

4

17.   In and prior to October 2009, Plaintiff observed and personally experienced a pattern of hostility and disparate treatment toward Defendants employees, including herself, that utilized leave under the FMLA.

18.   Plaintiff complained about such hostility toward other workers and herself to CAP managers Cook (Plaintiff's immediate supervisor) and  Tom Delgado, Manager of Human Resources.

19.   However, working conditions worsened for Plaintiff after Plaintiff complained to manager Cook, and she was treated with threats of termination and increased hostility and rudeness by Cook and more comments indicating a CAP corporate cultural bias against individuals that took leave in accordance with the FMLA.

20.   As her working conditions became increasingly hostile at CAP for Plaintiff, on January 6, 2010, Plaintiff wrote a memo to Tom Delgado, an executive CAP manager, complaining about the hostile working conditions and adverse treatment.

21.   Plaintiff was shocked at the increased hostility and false allegation from Cook as a result of her January 6, 2010 memo. On January 11, 2010, Cook formally wrote Plaintiff up on a CAP Corrective Action Form. Cook gave Plaintiff a copy of a Corrective Action Form that he had earlier pre-signed outside the presence of the Plaintiff. After Plaintiff read and reviewed the Corrective Action Form, Cook refused to allow Plaintiff to sign that document (herein "Document #1") attached as Exhibit #1 infra, and incorporated herein by reference. Defendants insisted that she sign a separate document (herein "Document #2") that is attached as Exhibit #2 infra, and incorporated herein by reference. Document #2 appeared to be the original of Document #1 Plaintiff was allowed to read. Cook had also pre-signed Document #2 outside the presence of the Plaintiff. Plaintiff complying

with Cook's insistence signed Document #2. Plaintiff was not allowed to sign Document #1. It was later discovered by Plaintiff that the language in Document #1 that was reviewed by Plaintiff differed significantly from Document #2 that Cook insisted she sign without allowing her time to read and review the document. Document #2 was later utilized in the termination of Plaintiff.

22.    At the request of the District in its January 27, 2010 dated letter to Plaintiff, on or about February 3, 2010 Plaintiff's physician submitted a second U.S. Department of Labor form WH-380-E certifying Plaintiff's serious health condition signed by Dr. Carol Eldridge, M.D.

23.    On or about February 1, 2010 Plaintiff received a written notification from Defendants that her employment had been terminated.

24.    On or about February 1, 2010, Plaintiff was earning a base annual salary of $56,000.00 plus incentives as one the Defendant's Safety Specialists.

25.    Although Plaintiff had performed her duties for the Defendants in a loyal, satisfactory and competent manner, it nonetheless decided to fire her because of the fact that she would be exercising her rights under the FMLA for any leave that she would request or need after January 31, 2010.

26.    Based upon those facts, supra, Plaintiff filed a timely charge with the Wage and Hour Division of the U.S. Department of Labor (herein "DOL")  numbered 1586336 for identification by DOL allowing enforcement of the Family and Medical Leave Act of 1993 (FMLA) as to Plaintiff.

27. The Wage and Hour Division of the Department of Labor attempted to resolve this matter through supervised voluntary action of Defendants in order to remedy the violation, but the DOL was not successful in its requests to the Defendants.

28. On December 19, 2011, the Wage and Hour division of the U.S. Department of Labor dismiss charge # 1586336and issued its Notice of Right to Sue, authorizing Plaintiff to sue for relief. A true copy of that U.S. Department of Labor dismissal and notice is attached as Exhibit #3 infra, and incorporated herein by reference.

29. As the direct and proximate result of the Defendant's conduct alleged herein, Plaintiff has suffered damages including, inter alia, depression, humiliation, embarrassment, a loss of income which continues to the present date, loss of her home with $78,000.00 in equity, loss of $60,000.00 in retirement and 401k funds, fear as to how she will survive being a single parent without continued unemployment benefits before she can find a new job, a successful career with the Defendants which she planned to continue until she reached age seventy, a loss of self-esteem, loss of the relationships with co-workers she enjoyed at Defendants, and the likelihood of continued unemployment.

30. Since her termination by the Defendants, Plaintiff has made diligent efforts to find new suitable employment but has been unsuccessful, primarily because of (a) the fact that she was fired from her last job with the District, infra, and  (b) high unemployment in the local area (Maricopa County) where she resides, and (c) her career field.

31. Since her termination by the Defendants, when Plaintiff has applied to prospective employers for a new job, she has been compelled to disclose to prospective employers the fact that she was fired by Defendants after having been told less than one month before she was fired that she had been a poor performer (even though in fact she had not been a

poor performer) and her attendance did not meet expectation although such reasons were false and a pretext to cover-up Defendants' real reasons for firing her.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury, pursuit to the U.S. Constitution Seventh Amendment, and Federal Rules of Civil Procedure Rule 38 (a,b), and 29 U.S.C. 626(c)1.

## RELIEF REQUESTED

Based upon the foregoing, Plaintiff respectfully requests judgment and orders granting her the following relief against Defendants on her claims:

1.  All wages, salary. Employment benefits and other compensation denied or lost by Plaintiff as a result of being fired by the Defendants on February 1, 2010, pursuant to 29 U.S.C. 2617(a)1(A)i(l), plus interest therein pursuant to 29 U.S.C. 2617(a)1(A) ii, all to then be doubled pursuant to 29 U.S.C. 2617(a)1(A) iii.

2.  Injunctive relief including, inter alia, reinstatement with back pay and all lost benefits, pursuant to 29 U.S.C. 2617(a)1(B).

3.  Such equitable relief as may be appropriate including employment, reinstatement, and promotion pursuant to 29 U.S.C. 2617(a)(1).

4.  Plaintiff's reasonable attorney's fees and reasonable expert witness fees pursuant to 29 U.S.C. 2617(a)3, and Federal Rules of Civil Procedure, Rule 54(d)2.

5.  Plaintiff's taxable costs pursuant to 29 U.S.C. 2617(a)3, 28 U.S.C. 1920, and Federal Rules of Civil Procedure, Rule 54(d)1.

6.  Such other and further relief as the Court deems just and equitable.

1     RESPECTFULLY SUBMITTED this 26th day of January, 2012.

2

3

4                             /s/     Jerry D. Krumwiede

                             Jerry D. Krumwiede

5                              Attorney for Plaintiff

                             Krumwiede Law Office, PLLC

6

7 ORIGINAL of foregoing filed ECF with:

8 The Clerk of the Court

9 United States District Court

District of Arizona

10

11 COPY of the foregoing served upon:

12 David V. Modeer, General Manager

Central Arizona Project

13 23636 North Seventh Street

Phoenix, Arizona 85024

14 Defendant

15

COPY of the foregoing mailed to:

16

17 Jay Johnson, General Counsel

Central Arizona Project

18 23636 North 7th Street

Phoenix, Arizona 85024

19 Attorney for Defendants

20

21 By /s/  Laura Gallo

22

23

24

25

26

27

28

1

VERIFICATION

2

3

4    STATE OF ARIZONA                    )
                                        ) ss
5    COUNTY OF MARICOPA                  )

6

7    Amie Gressett, Plaintiff in the above-captioned case, on oath states that she has read the

8    foregoing pleading and knows the contents thereof; that the same are true both in substance and

9    in fact, except to those matters and things therein alleged on information and belief, and as to

10   those matters, she believes them to be true.

11

12

13

14                                              _____
                                                       Amie Gressett

15   SUBSCRIBED and SWORN TO before me

16   this _____ day of January, 2012.

17

18

19   _____
20   Notary Public

OFFICIAL SEAL
AMBER F. USSERY
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Feb. 1, 2018

21

22

23

24

25

26

27

28

1