**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aime M. Gressett,<br>Plaintiff,<br>vs.<br>Central Arizona Water Conservation District as the Operating Agency for the Central Arizona Project,<br>Defendant. | No. CV 12-00185-PHX-JAT<br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 6). The Court now rules on the Motion.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In January 2012, Plaintiff filed a Complaint against Defendant. In the Complaint, Plaintiff alleges that she is a former employee of Defendant, who was eligible for benefits under the Family Medical Leave Act ("FMLA"). Plaintiff further alleges that Defendant was the employer of Plaintiff, as defined by the FMLA, 29 U.S.C. § 2611(2), (4).

Plaintiff alleges that she was terminated on February 1, 2010, as a result of a request for medical leave under the FMLA. (Doc. 1 at 3-6). Plaintiff filed a charge with the United States Department of Labor ("DOL"). The DOL subsequently determined that the case was not suitable for litigation by the Department of Justice and issued Plaintiff a Notice of Right to Sue. (Doc. 1 at 7; Doc. 1-3). Plaintiff then filed her Complaint with this Court on January

26, 2012.

Defendant has now moved to dismiss Plaintiff's Complaint, arguing that Plaintiff:

> (1) failed to serve the Complaint and Notice of Claim as required; (2) is barred from maintaining a wrongful termination claim by the applicable statute of limitations and because that claim only applies to protections under state and not federal laws; and (3) is barred from asserting an FMLA claim for monetary damages against [Defendant] as a public entity.

(Doc. 6). The Court ordered supplemental briefing on the issue of whether Defendant is entitled to Eleventh Amendment immunity, and both parties filed supplemental briefs. (Docs. 19, 20). The Court will now address each of Defendant's arguments in turn.

## II. IMMUNITY

Defendant asserts that it is entitled to immunity under the Eleventh Amendment of the United States Constitution from Plaintiff's FMLA claim for monetary damages because it is a corporate municipality of the State of Arizona.

"A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." *Coleman v. Court of Appeals of Maryland*, __U.S. __ , 132 S. Ct. 1327, 1333 (2012) (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72–73 (2000)). Section five of the Fourteenth Amendment of the United States Constitution provides an exception that allows Congress to abrogate a State's immunity to enforce the provisions of the Amendment. *See, e.g.*, *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976).

The FMLA provides, in pertinent part, that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(1). This provision is known as the "self-care provision." It creates a private right of action for equitable relief and damages "against any employer (including a public agency) in any Federal or State court" for violations of the self-care provision, amongst others. *See* 29 U.S.C. § 2617(a)(2). As used in that statute, a public agency includes "the government of a State or political subdivision of a State; or an agency

of the United States, a State, or a political subdivision of a State." 29 C.F.R. § 825.108.

The United States Supreme Court recently ruled that the FMLA's self-care provision did not fall within the Fourteenth Amendment exception to Eleventh Amendment immunity. *Coleman*, 132 S. Ct. at 1337 ("To abrogate the States' immunity from suits for damages under § 5, Congress must identify a pattern of constitutional violations and tailor a remedy congruent and proportional to the documented violations. It failed to do so when it allowed employees to sue States for violations of the FMLA's self-care provision."). As such, states are immune from suit under the self-care provision of the FMLA.

Further, Eleventh Amendment immunity extends to agencies of the state. *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). However, the immunity has consistently been found not to extend to political subdivisions. *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005). To demonstrate that it is entitled to Eleventh Amendment immunity, the entity claiming such immunity must show that it is an arm of the state. A five factor test is employed to determine whether an entity is an arm of the state:

> [1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity.

*Belanger v. Madera Unified School District*, 963 F.2d 248, 250-51 (9th Cir.1992) (quoting *Mitchell*, 861 F.2d at 201). The *Mitchell* test factors are applied in light of the way state law treats the entity. *Belanger*, 963 F.2d at 251.[1]

---

[1] Defendant is aware of the *Mitchell* test, but suggests that, because it has most often been applied to school districts, applying it here "would fail to take into account [Defendant's] unique character." (Doc. 19 at 16). This argument is erroneous and misrepresents the nature of the *Mitchell* test. In fact, the Ninth Circuit Court of Appeals wholly rejected an identical argument in *Beentjes v. Placer County Air Pollution Control District*, 397 F.3d 775, 778 n.1 (9th Cir. 2005). As in *Beentjes*, the defendant in this case "fails to explain why an entity that performs [its functions] defies analysis under the *Mitchell* test. *Mitchell* itself held that the five factors should be used to determine whether 'a *governmental agency* is an arm of the state.'" *Id.* (emphasis in original) (quoting *Mitchell*,

**A. STATE FUNDS**

Whether a money judgment would be satisfied out of state funds is the predominant factor in determining whether an entity is an arm of the state. *Beentjes*, 397 F.3d at 778. Unfortunately, Defendant has failed to address or establish whether Arizona would bear the cost of any judgment against Defendant. Defendant makes much of the fact that Arizona must indemnify and insure Defendant for claims related to the state recharge operations pursuant to Arizona Revised Statutes section 45-898.01, which provides "[f]or purposes of this article only . . . a conservation district is an agent of the state, and the state shall indemnify and insure against all liability." Ariz. Rev. Stat. Ann. § 45-898.01.

However, it does not appear to the Court that the claims in this case relate to those operations. Further, the statute can be read to imply that Defendant is not an agency of the state for other purposes. Because Defendant has failed to adequately brief this issue, it is unclear whether a judgment against Defendant in this case would be paid by the State of Arizona. Accordingly, this factor is not indicative of whether Defendant is an arm of the state for Eleventh Amendment purposes.

**B. CENTRAL GOVERNMENT FUNCTION**

In some ways, Defendant acts in a central government role. Defendant fulfills Arizona's obligations to the federal government and operates the Central Arizona Project to use the state's Colorado River water allotment. (Doc. 19 at 17). It also helps with certain other aspects of Arizona's water management policy. *Id.* However, Defendant also essentially acts as a water utility, a role not usually assigned to the central government. Further, although Defendant is the only entity currently authorized by Arizona to enter into

---

861 F.2d at 201). Accordingly, the Court applies the *Mitchell* test to Defendant's claim of Eleventh Amendment immunity.

The Court notes that, despite three opportunities to brief the *Mitchell* factors (the Motion, the Reply, and the Supplement), Defendant has refused to apply the factors, which are the controlling law in this case. This has made the Court's analysis of immunity a difficult task to say the least.

the repayment contract with the federal government, the legislation allowing for multi-county water conservation districts allows for the creation of more than one such district if at least three counties petition for formation. *See* Ariz. Rev. Stat. Ann. § 48-3703. This implies that Defendant serves a more decentralized, independent function. Because of this dual role, this factor does not indicate whether Defendant should be treated as an arm of the state.

**C. POWER TO SUE OR BE SUED**

Defendant can sue and be sued. (Doc. 20 at 10). Accordingly, this factor weighs against a finding that Defendant is an arm of the state.

**D. POWER TO TAKE PROPERTY IN ITS NAME**

Arizona law gives Defendant the power to "[a]cquire in any lawful manner real and personal property of every kind necessary or convenient for the uses and purposes of the district." Ariz. Rev. Stat. Ann. § 48-3713. Although Defendant states that it only has ownership interests in a small maintenance yard in La Paz County and six recharge projects, these interests confirm that Defendant has the power to take property in its name. Accordingly, this factor weighs against Defendant being an arm of the state.

**E. CORPORATE STATUS**

"A multi-county water conservation district is . . . a municipal corporation." Ariz. Rev. Stat. Ann. § 48-3702. Defendant thus has corporate status, and this factor weighs against entitlement to immunity.

**F. ANALYSIS**

The factors, as currently briefed, weigh against a finding of Eleventh Amendment immunity. By failing to address the relevant factors that would entitle it to such immunity, Defendant has failed to carry its burden of establishing such immunity. Accordingly, the Court will not dismiss this suit on Eleventh Amendment grounds.

**III. WRONGFUL TERMINATION**

Defendant argues that Plaintiff's state law claim for wrongful termination should be dismissed as outside the applicable statute of limitations. (Doc. 6 at 3). However, Plaintiff denies having alleged any state law claim for wrongful termination in her Complaint. (Doc.

1 at 7). Accordingly, the Court need not rule on a possible state law claim, as Plaintiff admits she is asserting no such claim against Defendant.

## IV. SERVICE OF COMPLAINT AND NOTICE OF CLAIM

Defendant argues that Plaintiff's Complaint should alternatively be dismissed because Plaintiff failed to properly serve the Complaint and Notice of Claim and, because the statute of limitations has run, Plaintiff cannot correct any service defects at this stage in the litigation.

### A. NOTICE OF CLAIM

Arizona law requires a claimant to provide a notice of claim to a public entity before initiating an action for damages against it:

> A. Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.
>
> B. For purposes of this section, a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage.

Ariz. Rev. Stat. Ann. § 12-821.01. Defendant alleges that Plaintiff's cause of action arose on February 1, 2010, and that no Notice of Claim was served within the one hundred and eighty day period allowed. (Doc. 6 at 5). However, section 12-821.01 does not apply to federal claims. *Manriquez v. City of Phoenix*, CV-11-01981-PHX-DGC, 2011 WL 6004589, at *3 (D. Ariz. Dec. 1, 2011) ("the notice of claims provision does not bar Plaintiffs' federal claims"); *Payne v. Arpaio*, CV-09-1195-PHX-NVW, 2009 WL 3756679, at *11 (D. Ariz. Nov. 4, 2009) (Arizona's notice of claim statute does not apply to federal claims). Because Plaintiff's claim is founded on the FMLA, she need not comply with Arizona's Notice of

Claim provisions and the Complaint will not be dismissed on this ground.

### B. SERVICE OF PROCESS

Defendant argues that Plaintiff failed to properly serve it. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Federal Rule of Civil Procedure 4(j) requires that a municipal corporation must be served by "delivering a copy of the summons and of the complaint to its chief executive officer," or by "serving a copy of each in the manner prescribed by that state's law for serving a summons . . . on such a defendant." Fed. R. Civ. P. 4(j)(2). In turn, Arizona law provides that "[s]ervice upon a . . . municipal corporation . . . shall be effected by delivering a copy of the summons and of the pleading to the chief executive officer, the secretary, clerk, or recording officer thereof." Ariz. R. Civ. P. 4.1(i).

Under Federal Rule of Civil Procedure 4(m), service must be effected within one hundred and twenty days of the filing of the Complaint. Fed. R. Civ. P. 4(m). Plaintiff's Complaint was filed on January 26, 2012. Plaintiff served Pamela Pickard, Defendant's Chief Executive Officer, on April 20, 2012. (Doc. 11-1). This is well within the one hundred and twenty days allowed for service. Accordingly, service was properly effected in this case and the Complaint will not be dismissed on this ground.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is denied.

DATED this 24th day of July, 2012.

James A. Teilborg
United States District Judge