**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amie M. Gressett,  Plaintiff,  v.  Central Arizona Water Conservation District,  Defendant. | No. CV-12-00185-PHX-JAT  **ORDER** |

Pending before the Court are Plaintiff Amie Gressett's Motion for Attorneys' Fees and Related Non-Taxable Expenses, (Doc. 185), and Defendant Central Arizona Water Conservation District's Motion for Leave to Supplement its Response, (Doc. 204). The Court now rules on the motions.

**I.  Background**

Ms. Gressett seeks an award of $702,465 in attorneys' fees, as well as an additional $51,542.45 in non-taxable expenses (Doc. 186 at 8). The parties do not dispute that (a) the fee award is governed by 29 U.S.C. § 2617(a)(3), (b) Ms. Gressett was successful on the merits of her action, and (c) Ms. Gressett is entitled to reasonable attorneys' fees. (Doc. 194 at 2; Doc. 202 at 1–2). Rather, the parties dispute the amount of attorneys' fees the Court should award to Ms. Gressett. (Doc. 186; Doc. 194; Doc. 202). Central Arizona Water Conservation District ("CAP") argues that the Court should reduce the fee award by at least $309,121 for several reasons (Doc. 194 at 18), each of

which is discussed below. Additionally, CAP argues that the Court should not award more than $16,656.25 in non-taxable expenses, also addressed below. (Doc. 194 at 18).

Assuming familiarity with the factual and procedural history of this action, the Court will recount only those aspects of this litigation that are relevant to the pending issue of attorneys' fees and costs. *See Gressett v. Cent. Ariz. Water Conservation Dist.*, 2015 WL 1505774 (D. Ariz. Mar. 31, 2015); *Gressett v. Cent. Ariz. Water Conservation Dist.*, 2014 WL 4053404 (D. Ariz. Aug. 14, 2014). Ms. Gressett brought a Family and Medical Leave Act ("FMLA") claim against CAP in January 2012. (Doc. 1). In March 2015, the jury awarded Ms. Gressett $140,000 in compensatory damages. (Doc. 174). The Court awarded Ms. Gressett an additional $140,000 in liquidated damages and $80,360.50 in front pay, (Doc. 177), and entered judgment in her favor, (Doc. 178).

## II. Ms. Gressett's Motion for Attorneys' Fees and Related Non-Taxable Expenses

Ms. Gressett requests a total award of $754,007.45 in attorney fees and expenses. (Doc. 186 at 8). CAP argues that the Court should reduce Ms. Gressett's award on several different grounds, which the Court now addresses.

### A. Contingent Fee Agreement

CAP argues that Ms. Gressett's fee agreement constitutes an impermissible enhancement of a fee award. (Doc. 194 at 4). This argument, however, appears to be the result of a misunderstanding of both the fee agreement and Ms. Gressett's claim for fees. CAP incorrectly claims that the fee agreement entitles Ms. Gressett's counsel to 40% of the total recovery, as well as to any fees that may be awarded by the Court. (Doc. 194 at 3). Rather, the agreement allows Ms. Gressett's counsel to take either 40% of the total recovery or the fees awarded by the Court, whichever is greater. (Doc 186-1 at 7).

CAP correctly notes that increasing a fee award for a contingency fee is generally an impermissible enhancement. (Doc. 194 at 4). However, Ms. Gressett is not seeking a contingency enhancement to the lodestar calculation. Therefore, the Court will not reduce Ms. Gressett's fees on that basis.

### B. Reasonableness of Attorneys' Fees

The FMLA requires that the Court "allow a reasonable attorney's fee." 29 U.S.C. § 2617(a)(3). CAP raises several objections to the reasonableness of Ms. Gressett's requested fees.

#### 1. Attorneys' Fees Incurred by Ms. Gressett Prior to Filing a Notice of Appearance and by Prior Counsel

Ms. Gressett claims entitlement to fees incurred as early as February 2010, when her first attorney sent CAP a demand letter. (Doc. 186 at 8). CAP cites *Schneider v. Colegio de Abogados de Puerto Rico*, 187 F.3d 30 (1st Cir. 1999), to support the proposition that "pre-suit fees may be awarded . . . only for 'discrete' work 'that was both useful and of a type ordinarily necessary to advance the . . . litigation to the stage it reached.'" *Schneider*, 187 F.3d at 33 (citations omitted) (ruling on 42 U.S.C. § 1988); (Doc. 194 at 13). The Court finds the fees incurred by Ms. Gressett's current counsel prior to filing a notice of appearance were reasonable and necessary to advance the litigation. The Court will award those fees. However, as the fees associated with Ms. Gressett's various prior attorneys were not included in the electronic spreadsheet as the Court ordered, the Court declines to permit those fees. Therefore, the Court will reduce the award of fees by $3,850.

#### 2. Attorneys' Fees for Settlement Efforts

CAP objects to Ms. Gressett's counsel billing 108.7 hours and $32,570 in total mediation fees to prepare for and attend the two unsuccessful mediations, claiming that the amount of fees is unreasonable and that Ms. Gressett should bear her own fees because her unreasonable settlement positions are to blame for the failure of the mediation process. (Doc. 194 at 5–7).

As a preliminary matter, the Court finds that the plain language of § 2617(a)(3), which requires the Court "allow a reasonable attorney's fee" to permit the recovery of reasonable attorneys' fees associated with mediation efforts. 29 U.S.C. § 2617(a)(3). Consequently, the Court will examine the reasonableness of Ms. Gressett's claimed hours

and fees for mediation with an eye towards their connection to resolving her claim.

CAP argues the amount of fees claimed is unreasonable and Ms. Gressett's unreasonable settlement positions are to blame for the failure of the mediation process. (Doc. 194 at 5–7). These two closely related contentions encapsulate the argument that Ms. Gressett's counsel's time, billed as related to mediation, was not reasonably utilized to advance the resolution of Ms. Gressett's claim and therefore is not recoverable. When deciding the reasonable number of hours expended, a court may consider: "(1) the novelty and complexity of the issues[;] (2) the special skill and experience of counsel [;] (3) the quality of representation[;] and (4) the results obtained." *Cabrales v. Cty. of L.A.*, 864 F.2d 1454, 1464 (9th Cir. 1988) *cert. granted*, *vacated*, 490 U.S. 1087 (1989), *opinion reinstated*, 886 F.2d 235 (9th Cir. 1989).

For the first factor, the Court notes that although Ms. Gressett's complaint overall involved a rather simple and straightforward FMLA claim, the chart created by CAP's in-house counsel presented a few novel issues. For the second factor, CAP argues that Ms. Gressett's counsel possessed no special skills and had never litigated an employment case. (Doc. 194 at 10). Conversely, Ms. Gressett's counsel asserts this was not her first FMLA case, (Doc. 202 at 6), and that she is experienced in both employment law and trial work, (Doc. 186 at 11). For the third factor, there is no direct evidence in the record before the Court of the quality of Ms. Gressett's counsel's representation during the mediation preparation and process.

For the fourth and final factor, there is no direct evidence in the record before the Court as to the results of the mediation. However, both parties appear to agree that CAP's offer at the second mediation was near the total judgment of $360,000. (Doc. 194 at 6; Doc. 202 at 4). When determining whether to accept a settlement offer, it is reasonable to consider the amount of attorneys' fees accrued at time of the offer. CAP observes that by the time of the first mediation, Ms. Gressett had incurred approximately $400,000 in fees. (Doc. 194 at 8).  The Ninth Circuit has held that the amount of attorneys' fees accrued at time of a settlement offer had to be considered when determining whether prevailing

plaintiffs improved their positions by going to trial and therefore whether costs should be awarded. *Corder v. Gates*, 947 F.2d 374, 380–81 (9th Cir. 1991) (ruling on a fee award under 42 U.S.C. § 1988). Given the results obtained and Ms. Gressett's entitlement to a mandatory fee award under § 2617(a)(3), the Court cannot say that it was unreasonable to reject the settlement offer.

Thus, the Court finds that the mediation was reasonably in furtherance of resolving the dispute. Therefore § 2617(a)(3) provides for recovery of the attorneys' fees related to the failed mediation. In sum, the Court will not reduce the costs and expenses awarded as unreasonable.

### 3. Background or General Research

CAP contends that Ms. Gressett's counsel is improperly requesting over 109 hours in fees spent conducting general background research. (Doc. 194 at 9). The Ninth Circuit has noted that research needed to write a brief, rather than general background research, is properly charged to the client. *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). Similarly, other Circuits have held that "attempting to charge an adversary with time spent conducting background research is presumptively unreasonable." *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1253 (10th Cir. 1998) (citations omitted). However, upon review, the Court finds that the hours spent researching are reasonable and are not improper background research.

### 4. Interoffice conferences

CAP argues that any fee award should be reduced for time spent in internal conferences. (Doc. 194 at 10). CAP contends that fees billed for internal conferences and e-mails are "not reasonable and should be stricken." (*Id.*) However, CAP does not cite any cases for the proposition that time spent in an internal conference is inherently unreasonable, and its two supporting cases are unhelpful. In *United States v. Nosal*, 2014 WL 2109948 (N.D. Cal. May 20, 2014), the court held that billing by multiple attorneys for participating in the same conference was not completely recoverable. 2014 WL 2109948, at *7. In *Crane v. Native Am. Air Ambulance, Inc.*, 2008 WL 2001281 (D. Ariz.

May 7, 2008), the court found "redundant and excessive hours in intra-office conferences." 2008 WL 2001281, at *4.

Here, CAP does not identify any hours as being redundant or excessive. Rather, CAP has compiled a list of every time entry involving an internal conference or e-mail, and from this list boldly asserts that the entire amount of time incurred on these subjects is excessive. Because CAP fails to identify any particular time entry as unreasonable and Ms. Gressett is entitled to an award for time reasonably incurred in conferences, the Court will award Ms. Gressett fees for time spent in internal conferences and e-mails. *Cf. Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1103–04 (N.D. Cal. 2008) (declining to reduce an award of fees for meetings where multiple attorneys were in attendance and for intra-office conferencing).

### 5. Clerical Tasks

CAP claims that Ms. Gressett improperly requests fees for time incurred in clerical tasks. (Doc. 194 at 10–11). Purely clerical or secretarial tasks should not be billed at a paralegal or lawyer's rate. *See Davis v. City & Cty. of S.F.*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on other grounds by* 984 F.2d 345 (9th Cir. 1993). The Court has reviewed the billing entries identified as clerical by CAP, and finds some of them to be clerical and others to be necessary legal work. Among those tasks which the Court deems clerical, and hence not compensable as part of an attorneys' fee award, are calendaring activities, scheduling depositions, and filing documents. The Court therefore will strike any attorney time billed for these and other tasks of a clerical nature.

### 6. Duplicative Work

CAP challenges certain billing entries as duplicative because multiple attorneys attended hearings, researched the same law, or worked on the same issues. (Doc. 194 at 11). The Court is unpersuaded that these entries are unreasonably duplicative, with the exception of the clearly duplicative entries conceded by Ms. Gressett (Doc. 202 at 7). Additionally, the Ninth Circuit has recognized that "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *McGrath v.*

*Cty. of Nev.*, 67 F.3d 248, 255 (9th Cir. 1995) (citing *Kim v. Fujikawa*, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989)); *Sunstone Behavioral Health, Inc. v. Alameda Cty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1214 (E.D. Cal. 2009) (finding that duplication of work between multiple attorneys was not unreasonable). Here, the Court cannot state that it was unreasonable for Ms. Gressett to have several attorneys working on similar matters in the course of this litigation. Therefore, the Court exercises its discretion and declines to reduce the award by these entries.

### 7. Excessive Time

Similarly, CAP contends that Ms. Gressett seeks to recover attorneys' fees for "needlessly and inappropriately multiplying the proceedings." (Doc. 194 at 13). CAP does not cite any authority in support of this claim. CAP asserts that billing 0.1 for email correspondence throughout the litigation was an example of excessive and unreasonable billing entries. However, it is common local practice to bill tenths of an hour for email and phone correspondence. CAP also objects to a paralegal billing 8.5 hours to redact 218 pages of medical records. Given the careful review required when redacting medical records, the Court is not persuaded that spending approximately two minutes per page is unreasonable or excessive. Upon review of the record, the Court cannot state that the time spent by Ms. Gressett's counsel was unreasonable. The Court will not reduce the award by these entries.

### 8. Block Billing

CAP identifies time entries totaling $39,526 that it claims include improper block billing. (Doc. 194 at 13). Block billing, the practice of including unrelated tasks in a single time entry, makes it difficult for a reviewing court to assess the reasonableness of the time spent on each task. "Where the Court cannot distinguish between the time claimed for the various tasks, the Court will reduce the award accordingly." *Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 799 (D. Ariz. 2013). However, "[b]lock-billing is not inappropriate *per se* when the party seeking fees meets the basic requirements of 'listing his hours and identifying the general subject matter of his time

expenditures.'" *Id.* (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (stating that although the fee applicant bears the burden of submitting "evidence supporting the hours worked and rates claimed," an applicant is "not required to record in great detail how each minute of his time was expended"). In *Pure Wafer, Inc. v. City of Prescott*, 2014 WL 3797850 (D. Ariz. July 29, 2014), the Court rejected a block billing objection because the billing entries at issue were for tasks closely related to each other, such as both fact checking and cite checking the same motion. 2014 WL 3797850, at *5.

The Court has reviewed the entries identified by CAP as block billed and where the Court is unable to distinguish between the time claimed for various tasks, has reduced the total fees for those entries by 20%. The Ninth Circuit Court of Appeals has previously approved 20% as an appropriate reduction to hours block billed. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Finally, the Court did not take into consideration the time breakdown provided by Ms. Gressett in her reply, as the appropriate time to clarify those entries would have been before submitting the time entries to the Court.

### C. Non-Taxable Expenses

CAP argues that the Court should not award more than $16,656.25 in non-taxable expenses. (Doc. 194 at 18). For the reasons set forth below, the Court has adjusted the award of non-taxable expenses.

#### 1. Mediation Costs

The Court finds that the plain language of § 2617(a)(3), which requires "other costs of the action to be paid by the defendant," to allow for the recovery of reasonable mediation costs. 29 U.S.C. § 2617(a)(3). The cases cited by CAP deal with 28 U.S.C. § 1920, which is not applicable in this FMLA action. Unlike § 1920, § 2617(a)(3) only limits the recovery of attorneys' fees by requiring that they be reasonable and related to the FMLA claim. Furthermore, § 1920 addresses the award of taxable expenses, whereas § 2617(a)(3) requires the award of non-taxable expenses. Section 1920 is utterly

irrelevant to this case. *See Smith v. AS Am., Inc.*, No. 3:12-CV-05048-NKL, 2015 WL 2238268, at *3 (W.D. Mo. May 12, 2015) (rejecting contention that mediation expenses should not have been awarded under § 1920, as they had been properly awarded under § 2617(a)(3)). As the FMLA statute requires the award of reasonable expenses, the Court will award reasonable mediation costs.

### 2. Costs Incurred for Westlaw Research

CAP challenges Ms. Gressett's request for $4,637.75 in Westlaw research costs on two bases. (Doc. 194 at 15–16). First, CAP claims costs for Westlaw and other computerized research should be rolled into attorneys' fees as overhead and are therefore not recoverable as separate costs. *Id.* The cases CAP relies upon deal with 28 U.S.C. § 1920, which governs the award of taxable expenses and not the non-taxable expenses at issue here. In the Ninth Circuit, reasonable charges for computerized research may be recovered if separate billing for such expenses is "the prevailing practice in the local community." *Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1258–59 (9th Cir. 2006) (citations omitted) (ruling on an award of fees under 29 U.S.C. § 1132(g)(2)(D)). Thus, the Court will consider reasonable Westlaw research costs as recoverable expenses.

Second, CAP argues that there are no corresponding time entries for the claimed Westlaw costs. (Doc. 194 at 15). CAP contends that Ms. Gressett's award of costs should be reduced for failure of her counsel to specify in several entries the particularity of the legal research being done. (Doc. 194 at 15). Although CAP does not cite authority in support of its proposition, the failure to adequately identify the research in a time entry is a violation of Local Rule 54.2(e)(2)(B) and 54.2(e)(3). *See Agster v. Maricopa Cty.*, 486 F. Supp. 2d 1005, 1018 (D. Ariz. 2007) (allowing computerized research costs when the requirements of both Local Rule 54.2(e)(2)(B) and 54.2(e)(3) were met). Local Rule 54.2(e)(2)(B) states:

> **Legal Research**. This time entry must identify the specific legal issue researched and, if appropriate, should identify the pleading or document the preparation of which occasioned the

> conduct of the research. Time entries simply stating 'research' or 'legal research' are inadequate and the court may reduce the award accordingly.

LRCiv 54.2(e)(2)(B). Similarly, Local Rule 54.2(e)(3) states:

> **Description of Expenses Incurred**. In a separate portion of the itemized statement, identify each related nontaxable expense with particularity. Counsel should attach copies of applicable invoices, receipts and/or disbursement instruments. Failure to itemize and verify costs may result in their disallowance by the court.

LRCiv 54.2(e)(3). Ms. Gressett does not respond to this aspect of CAP's argument.

Having independently reviewed Ms. Gressett's attorneys' time entries regarding legal research, the Court finds that several fail to comply with the specificity requirements of Local Rule 54.2(e)(2)(B) and 54.2(e)(3). Ms. Gressett claims a total of $130.03 in Westlaw research costs that are supported by such deficient legal research descriptions. The Court will reduce the award to Ms. Gressett by that amount for failure to comply with Local Rule 54.2(e)(2)(B) and 54.2(e)(3). However, the Court will not reduce the award for Westlaw costs that have corresponding time entries reflecting the research performed.

### 3. Expert Witness Fees

CAP contests Ms. Gressett's expert witness fees as unreasonable. (Doc. 194 at 16). The Court will address each expert's fees in turn.

#### a. Ginger McRae

CAP objects to the $22,223.45 in costs claimed for Ms. McRae's services as an expert. (Doc. 194 at 16). CAP argues that these costs are unreasonable on two grounds: (1) Ms. McRae did not testify and (2) the costs were excessive. The Court is not persuaded that it was unreasonable to retain Ms. McRae, even if ultimately her testimony was inadmissible. However, the Court finds that the fees incurred during trial were excessive and will therefore reduce the fee award by $11,654.45, the total amount charged by Ms. McRae during trial.

### b. Paul Bjorklund

CAP asserts that Ms. Gressett should not be awarded expert fees for the testimony of Mr. Bjorklund, as the fees are overly general and excessive. (Doc. 194 at 17). However, CAP does not cite any authority to support the proposition that expert witnesses are required to keep detailed time records to the same extent that is required of legal counsel. Upon a review of the entries, the Court finds that Mr. Bjorklund's fees were not overly general or excessive.

CAP further contests as untimely the fees charged for a supplemental report that was disclosed one week before trial. (Doc. 194 at 18). As the Court used the supplemental report in calculating Ms. Gressett's front pay, the report was not untimely. Thus, the Court will not reduce the award of expert witness fees associated with Mr. Bjorklund.

### c. Cathie Cameron

Ms. Gressett requested an additional $1,000 in costs for the first time in her reply (Doc. 202 at 12). As this is an untimely request, the Court declines to permit the costs associated with Ms. Cameron.

## III. CAP's Motion for Leave to Supplement its Response

CAP's supplemental response requests to introduce information regarding conduct that occurred during the failed mediations. (Doc. 204 at 2). However, CAP's response and the record before the Court were sufficient upon which to determine whether to allow fees for the mediation efforts. As the Court did not rely substantially on any of Ms. Gressett's alleged disclosures, any further information provided by CAP would be both unhelpful and unnecessary. Accordingly, a supplemental response will not be permitted.

## IV. Conclusion

The Court has itemized its reductions to the Ms. Gressett's fee award in the spreadsheet attached as an appendix to this Order.[1]

---

[1] With respect to non-taxable expenses, the Court denies the following expenses, as listed in Exhibit 3b to Doc. 186: rows 8, 24, 27, and 39.

- 11 -

For the foregoing reasons,

**IT IS ORDERED** that Ms. Gressett's Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. 185) is granted in part and denied in part.

**IT IS FURTHER ORDERED** awarding Ms. Gressett $688,626.00 in attorneys' fees and $39,757.97 in costs.

**IT IS FURTHER ORDERED** denying CAP's Motion to Supplement its Response (Doc. 204).

Dated this 17th day of September, 2015.

James A. Teilborg
Senior United States District Judge