Kenneth C. Slowinski (AZ Bar No. 012357)
Nicole D. Klobas (AZ Bar No. 021350)
Jennifer Heim (AZ Bar No. 030756)
Arizona Department of Water Resources
P.O. Box 36020
Phoenix, AZ 85067
Telephone: 602-771-8472
kcslowinski@azwater.gov
ndklobas@azwater.gov
jheim@azwater.gov
*Attorneys for the State of Arizona Acting Through the Arizona Department of Water Resources*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aime M. Gressett,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>Central Arizona Water Conservation District as the Operating Agency for the Central Arizona Project,<br><br>　　　　　Defendant. | Case No. 2:12-cv-00185-JAT<br><br>**STATE OF ARIZONA'S MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE JUDGMENT AND ORDERS UNDER FED. R. CIV. P. 60(B)** |

The State of Arizona ("State" or "Arizona"), acting through the Arizona Department of Water Resources ("ADWR"),[1] hereby moves for leave to file an

---

[1] The Director of ADWR is authorized to serve as the State's representative in matters relating to the State's interest in the Colorado River. A.R.S. §§ 45-105(A)(9) and 45-107.

-1-

amicus curiae brief in opposition to Defendant Central Arizona Water Conservation Districts' ("CAWCD") Motion to Vacate Judgment and Orders Under Fed. R. Civ. P. 60(B) [Doc. 220]. The State's proposed amicus brief is being submitted concurrently with this motion.

### I. Legal Standard for Granting Amicus Participation

A district court has broad discretion to permit an entity to participate in a case as an amicus curiae. *Wilderness Soc'y v. U.S. Bureau of Land Mgmt.*, No. 09-CV-08010-PCT-PGR, 2010 WL 2594853, at *1 (D. Ariz. June 21, 2010). "[T]he role of an amicus curiae is to provide assistance in a case of general interest, supplement the efforts of counsel in the case, and draw the court's attention to legal arguments that have escaped consideration." *Id.* (Citations omitted). The Court should grant the State's motion to participate as an amicus curiae in opposition to CAWCD's motion because, as explained below, CAWCD's motion is of general interest and the State will provide information and arguments on the motion that neither of the parties have presented.

### II. Background

Prior to the jury trial in this case, CAWCD filed a motion to dismiss the case on the ground that it is an arm of the State and therefore entitled to Eleventh Amendment sovereign immunity. By order dated July 24, 2012 ("Order"), the Court denied CAWCD's motion. [Doc. 21.] The Court ruled that, as briefed by the parties, the five factors employed to determine whether an entity is an arm of the state "weigh against a finding of Eleventh Amendment immunity" for CAWCD. Order at 5.

Following a jury verdict in favor of the Plaintiff and entry of the Court's judgment, CAWCD appealed the Court's rejection of its Eleventh Amendment immunity defense to the Ninth Circuit Court of Appeals. While the appeal was

pending, the State, acting through ADWR, filed a motion for leave to file an amicus curiae brief urging affirmance of the Court's ruling.  The State sought leave to file an amicus brief because it disagreed with many of the assertions made by CAWCD to support its argument that it is an arm of the State.  The State sought to clarify the scope and nature of CAWCD'S and the State's respective authority and obligations regarding the management and delivery of Colorado River water within Arizona and to address CAWCD'S arguments regarding the State's responsibility to satisfy unmet financial obligations of the CAWCD.  The State also expressed that it has a substantial interest in the potential effects of a determination that CAWCD is entitled to Eleventh Amendment immunity.

The Ninth Circuit Court of Appeals granted the State's motion for leave to file an amicus brief.  Thereafter, and while the case was awaiting decision by the Ninth Circuit Court of Appeals, the parties settled the case.  The Ninth Circuit Court of Appeals then remanded the case back to this Court to entertain an unopposed motion by CAWCD for vacatur of the Court's judgments and orders.

### III.   Interests of the State

The State continues to have a substantial interest in any determination that CAWCD is an arm of the State and therefore entitled to Eleventh Amendment sovereign immunity. The State is the holder of Arizona's sovereign immunity under the Eleventh Amendment, and therefore is in a unique position to weigh in on which entities may claim it. As the Court noted in its Order, "[w]hether a money judgment would be satisfied out of state funds is the predominant factor in determining whether an entity is an arm of the state."  Order at 4.  The State has significant concerns regarding the precedent that a determination in favor of CAWCD on this factor could have on the State's obligation for any unmet debts of CAWCD.   Another important factor in determining whether an entity is an arm of

the state is whether the entity acts in a central government role. The State has significant concerns regarding the precedent that a determination in favor of CAWCD on this factor could have in any future litigation over attempts by CAWCD to exercise authority over management of the State's Colorado River entitlement.

In addition, the State has a substantial interest in the potential effects that a determination that CAWCD is entitled to Eleventh Amendment immunity would have on the citizens of the state. Such a determination could allow CAWCD to avoid accountability to its customers and water users in the state by preventing them from suing CAWCD in federal court. As the governmental entity responsible for protecting the interests of all citizens of the state, the State has a significant interest in opposing attempts by CAWCD to obtain a determination that it is entitled to Eleventh Amendment immunity.

Because of the State's interests described above, the State has a strong interest in preserving the Order and the March 31, 2015 Judgment. CAWCD makes clear in its motion that it will assert the defense of Eleventh Amendment immunity in appropriate cases in the future by stating that "[t]he constitutional issue addressed in that Order [CAWCD's immunity under the Eleventh Amendment] is of fundamental importance to CAWCD." Motion at 5. It is important to the State that the Order be preserved for its possible preclusive and precedential value in such litigation.

IV.   <u>Participation by the State as an Amicus Curiae will Assist the Court in Making a Decision on CAWCD's Motion</u>

The Ninth Circuit Court of Appeals has held that "[w]hen the parties seek vacatur as a condition of settlement, the district court may refuse to vacate the judgment. In deciding whether to vacate the judgment, we have directed district

courts to balance 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Bates v. Union Oil Co. of California*, 944 F.2d 647, 650 (9th Cir. 1991) (quoting *Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982)).

The State, through its amicus brief, can provide the Court with unique information and arguments that will aid the Court in weighing the relevant factors to determine whether to grant CAWCD's motion.  For example, the State's amicus brief includes arguments why it is in the public interest to allow the Order and the March 31, 2015 Judgment to stand.  The value of the State's amicus brief is highlighted by the fact that the Court will not hear from the Plaintiff on any of the factors that the Court must weigh in making its decision.  CAWCD indicates that as part of the settlement agreement, the Plaintiff has agreed not to oppose CAWCD's motion.

V.   Conclusion

For the reasons given above, the State requests that the Court grant the State's motion for leave to file its amicus curiae brief in opposition to CAWCD'S motion to vacate the Court's judgment and orders in this case.

RESPECTFULLY SUBMITTED this 5th day of March, 2018.

STATE OF ARIZONA

/s/Jennifer Heim
Kenneth C. Slowinski
Nicole D. Klobas
Jennifer Heim
P.O. Box 36020
Phoenix, Arizona 85067
*Attorneys for the State of Arizona*
*Acting Through the Arizona*
*Department of Water Resources*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF participant.

Copy of the foregoing e-served this same day to:

Steven G. Biddle, Esq.
Christie L. Kriegsfeld, Esq.
LITTLER MENDELSON,P.C.
2425 East Camelback Road, Suite 900
Phoenix, Arizona 85016


Kimberly A. Grouse, Esq.
CENTRAL ARIZONA WATER CONSERVATION DISTRICT
23636 North 7th Street
Phoenix, Arizona 85024


Tamara N. Cook
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417


By: /s/Jennifer Heim