Linus Everling, SBN 019760
Thomas L. Murphy, SBN 022953
GILA RIVER INDIAN COMMUNITY
525 W. Gu u Ki
P.O. Box 97
Sacaton, Arizona 85147
(520) 562-9760
Linus.Everling@gric.nsn.us
Thomas.Murphy@gric.nsn.us

Jason T. Hauter, SBN 022188
AKIN GUMP STRAUSS HAUER &
FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
(202) 887-4000
jhauter@akingump.com

*Attorneys for the Gila River Indian Community*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aime M. Gressett,<br><br>                        Plaintiff,<br><br>          v.<br><br>Central Arizona Water Conservation District as the Operating Agency for the Central Arizona Project,<br><br>                        Defendant. | **NO. CV-12-00185-JAT**<br><br>**GILA RIVER INDIAN COMMUNITY'S MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE JUDGMENT AND ORDERS UNDER FRCP 60(b)** |

The Gila River Indian Community ("Community"), pursuant to Fed. R. Civ. P. 7 and L.R.Civ. 7.2, hereby moves for leave to file the attached amicus curiae brief in opposition to Defendant Central Arizona Water Conservation District's ("CAWCD") motion to vacate judgment and orders under Fed. R. Civ. P. 60(b).

**ARGUMENT**

This Court has previously allowed third parties to file briefs as amici curiae on motions to vacate trial court orders. *See United States v. Arpaio*, No. CR-16-01012-001-PHX-SRB, 2017 WL 4839072 (D. Ariz. Oct. 19, 2017). This Court has broad discretion to allow filings by amici curiae. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Amici may properly "take a legal position and present legal arguments in support of it." *Funbus Systems, Inc. v. State of Cal. Public Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986). This Court has repeatedly allowed interested parties to express their views by means short of intervention, in amicus briefs. *See, e.g. WildEarth Guardians v. Provencio,* 272 F. Supp. 3d 1136, 1140 (D. Ariz. 2017); *Peters v. LifeLock Inc.,* No. CV-14-00576-PHX-ROS, 2014 WL 12544495, at *8 (D. Ariz. Sept. 19, 2014); *Harris v. Arizona Indep. Redistricting Comm'n,* No. CV-12-0894-PHX-ROS, 2012 WL 5835336, at *7 (D. Ariz. Nov. 16, 2012); *Grand Canyon Tr. v. U.S. Bureau of Reclamation,* No. CV-07-8164-PHX-DGC, 2010 WL 2643537, at *31 (D. Ariz. June 29, 2010), *aff'd in part, appeal dismissed in part*, 691 F.3d 1008 (9th Cir. 2012), as amended (Sept. 17, 2012).

While this Court does not have specific rules governing filings by amici curiae, Federal Rule of Appellate Procedure 29(a) provides an analogy. Under Fed. R. App. P. 29(a)(3), a potential amicus curiae seeking leave of court must explain (1) its interest, (2) the reason why an amicus brief is desirable, and (3) why the matters asserted are relevant to the case. The court then has discretion to grant the potential amicus curiae leave to file. As discussed below, the Community's interest in this matter and the matters discussed in the attached proposed amicus brief are directly relevant to the Court's analysis of CAWCD's motion to vacate this court's previous judgment and orders, because the balancing test necessarily includes interests of third parties in the preclusive effect of final judgments. *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Seafirst Corp.*,

891 F.2d 762 (9th Cir. 1989).  Indeed, given the agreement by the plaintiff not to contest vacatur, the Court will not have any briefing on the reasons to deny vacatur unless it allows filings by amici.

## I. Interest of Amicus Curiae

The Gila River Indian Community is a sovereign Indian nation composed of members of the Pima and Maricopa Tribes, traditionally known as the Akimel O'otham and Pee-Posh.  It is organized and federally recognized pursuant to § 16 of the Indian Reorganization Act of June 18, 1934, 25 U.S.C. § 5123.  The Gila River Indian Reservation consists of 584 square miles south of Phoenix.  CAWCD manages and operates the Central Arizona Project ("CAP"), and, pursuant to its operating agreement with the United States, delivers CAP water due to the Community.  The Community is entitled to receive 311,800 acre-feet of Colorado River water per year through the CAP under the Arizona Water Settlements Act and under the Community's water delivery agreement with the United States.

Although the Community has no interest in the outcome of the specific FMLA dispute in this case, it is one of many entities that depend on CAWCD for delivery of CAP water.  As such, the Community has an interest in ensuring that the Court is aware of the broader implications, outside the specific FMLA context of this dispute, of the motion to vacate.  Delivery of the Community's entitlement to 311,800 acre-feet of CAP water annually is a concern of the highest order for the Community.  Yet CAWCD's water delivery contracts do not contain a waiver of sovereign immunity for CAWCD, because CAWCD does not have any legitimate claim to such immunity in the first place.  CAWCD's recent efforts to stake out a position claiming immunity from suit create uncertainty and undercut the Community's long-term water resource planning.  Such harms would be exacerbated if the motion to vacate were granted.

## II. The Community's Proposed Brief will Address Matters Not Raised by the Parties that are Relevant to the Disposition of CAWCD's Motion

Additional briefing is desirable here because the Court must engage in a balancing test to determine whether to vacate its previous judgment and orders in this case, and must take into account possible effects on third parties. *Nat'l Union Fire Ins Co.,* 891 F.2d at 769. Without additional briefing from amici, this Court will not hear arguments in opposition to CAWCD's motion because, according to CAWCD, the plaintiff has agreed not to challenge the motion as part of the parties' settlement agreement. For that reason, briefing from amici is desirable.

## III. The Community's Proposed Brief will Address Matters Not Raised by the Parties that are Relevant to the Disposition of CAWCD's Motion

The Community's proposed amicus brief raises issues not addressed in other briefing. As discussed more fully in the brief, the Community and other third parties have interests implicated here that should be taken into account in ruling on vacatur. For example, CAWCD's recent efforts to stake out a position claiming immunity from suit cause uncertainty that harms the Community's long-term water resource planning. In one recent case in this Court before a different judge, *Ak-Chin Indian Community v. CAWCD*, No. 2:17-cv-00918-DGC, CAWCD made and then retracted a claim of immunity. The Ninth Circuit requires district courts to consider the effects of vacatur on third parties, and has consistently rejected attempts by parties to avoid preclusive effects of judgments by seeking vacatur based on settlement agreements. The Community's brief addresses these precedents and how they apply here. For example, the brief discusses the reasoning of *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Seafirst Corp.*, 891 F.2d 762 (9th Cir. 1989), where the party seeking vacatur "was motivated by a desire to avoid any *potential* preclusive impact on its other cases," and the Ninth Circuit denied vacatur based on "the third-party interests in this case and the possible, although uncertain status of any preclusive effect." *Id.* at 769. The Court there held that "[t]o the extent there may

4

be preclusive effect," the losing litigant "should not be able to avoid those effects through settlement and dismissal of the appeal." *Id.*

Without briefing from amici, the Court would be forced to balance the equities here based on one-sided arguments from CAWCD in its efforts to "'buy an eraser for the public record.'" *Ayotte v. American Economy Ins. Co.*, 578 Fed.Appx. 657, 658-59 (9th Cir. 2014) (quoting *American Games, Inc. v. Trade Products, Inc*., 142 F.3d 1164, 1170 (9th Cir. 1998)). Accordingly, in the interest of fairness to third parties and the adversarial presentation of issues to be adjudicated, the Court should grant leave to the Community to file its proposed amicus brief.

## CONCLUSION

For the foregoing reasons, the Community respectfully requests that the Court grant leave to file and order the Clerk of Court to file the attached proposed brief on the docket.

RESPECTFULLY SUBMITTED this 20th day of March 2018.

> Linus Everling, SBN 019760
> Thomas L. Murphy, SBN 022953
> GILA RIVER INDIAN COMMUNITY
> 525 W. Gu u Ki
> P.O. Box 97
> Sacaton, Arizona 85147
> (520) 562-9760
> Linus.Everling@gric.nsn.us
> Thomas.Murphy@gric.nsn.us
>
> By: */s/Jason T. Hauter*
> Jason T. Hauter, SBN 022188
> AKIN GUMP STRAUSS HAUER &
>     FELD LLP
> 1333 New Hampshire Avenue, N.W.
> Washington, D.C. 20036-1564
> (202) 887-4000
> jhauter@akingump.com
>
> *Attorneys for Plaintiff Gila River Indian Community*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and for service via transmittal of a Notice of Electronic Filing to those on the Clerk's e-mail notice list.

/s/ Jason T. Hauter